IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DONALD BAILEY,**

    **Petitioner,**

v.                                                      **Case No.: 1:18-cv-01403**

**STATE OF WEST VIRGINIA; and,**
**KAREN PSZCZOLKOWSKI,**
**Warden, Northern Correctional Facility,**

    **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Motion for Stay and Abeyance and Relief for [sic] Prejudicial Tollings, (ECF No. 2), and Respondents' Response and request for dismissal, (ECF No. 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

After thorough consideration of the record, the undersigned conclusively **FINDS** that this Court is unable to grant Petitioner's requested stay and abeyance. Therefore, the undersigned **RECOMMENDS** that the District Court **GRANT** Respondents' Motion to Dismiss; **DENY** Petitioner's Motion for Stay and Abeyance and Relief for [sic] Prejudicial Tollings; and **DISMISS** and **REMOVE** this case from the docket of the Court.

I.      **Relevant Facts and Procedural History**

On June 15, 2016, following a five-day trial, a jury convicted Petitioner, Donald Bailey ("Bailey"), of two counts of First-Degree Murder, one count of Third-Degree Arson, and one count of Felony Conspiracy. (ECF No. 10-1 at 2-8). Following these convictions, Bailey was sentenced in the Circuit Court of McDowell County, West Virginia ("Trial Court") to two terms of life without the recommendation of mercy based on the murder convictions; 1-3 years in prison based on the conviction for Third Degree Arson; and 1-5 years in prison based on the conviction for Felony Conspiracy. (ECF No. 10-2 at 2-3). The sentences were all set to run consecutively. (*Id.*).

On August 4, 2016, Bailey's trial counsel filed a notice of appeal with the Supreme Court of Appeals of West Virginia ("WVSC"). (ECF No. 10-3 at 5). On August 15, 2016, Bailey sent a letter to the Trial Court requesting that he be appointed new counsel to represent him during the appellate process.[1] On August 19, 2016, the Trial Court granted his request. Bailey was represented by attorney David G. Thompson on appeal. On January 20, 2017, Bailey's counsel submitted an appellate brief raising four assignments of error: (1) the Trial Court's failure to declare a mistrial after the prosecutor referred to the victims' deaths as a "murder;" (2) the graphic nature of several postmortem photographs admitted as evidence unfairly prejudiced the jury against Bailey; (3) the jury failed to judiciously weigh the evidence as indicated by their return of a guilty verdict after less than 30 minutes of deliberation; and, (4) the cumulative effect of these errors resulted in an unfair trial. (*Id.* at 16, 18-19, 33).

---

[1] The undersigned's staff obtained a copy of the docket sheet for the underlying criminal case by contacting the McDowell County Circuit Clerk's Office. Several of the dates referenced herein are taken from that docket sheet.

On January 5, 2018 the WVSC issued an opinion denying Bailey's appeal and affirming his conviction. (*Id.* at 64). The WVSC determined that the Trial Court had not erred in declining to declare a mistrial after the prosecutor referred to the victims' deaths as a "murder," and in admitting photographs depicting the victims' dead bodies. (*Id.* at 67-69). The WVSC also held that Bailey's argument that the jury failed to deliberate properly could not succeed as a matter of law. (*Id.* at 69). As Bailey pointed to no error in his conviction, the WVSC also denied his claim of cumulative error. (*Id.*).

In June 2018, Bailey submitted a motion in the Trial Court entitled "Motion for Surrender of Case File." (ECF No. 10-4 at 15). In the motion, Bailey asserted that he was attempting to prepare a state habeas petition alleging that he received ineffective assistance of counsel from both his trial counsel and appellate counsel, but had been unsuccessful in obtaining requested documents regarding his criminal convictions from the attorneys. (*Id.* at 15-16). Bailey asked the Trial Court issue an order directing his former attorneys to provide him with the requested documents. (*Id.* at 18). On June 30, 2018, Bailey's trial counsel, attorney Lacy Wright, Jr., submitted a Response to Bailey's motion requesting surrender of his case file. (ECF No. 2-1 at 9). In the Response, Mr. Wright informed the Trial Court that, following the denial of Bailey's appeal, he had recovered Bailey's file from appellate counsel in order to respond to a complaint filed against Mr. Wright by an individual involved in Bailey's criminal case. (*Id.* at 10). Mr. Wright asserted that he had not received any prior request from Bailey for his case file. (*Id.* at 11). Mr. Wright stated that he needed to retain the documents in question in order to be able to further respond to the complaint filed against him if necessary. He asked that the McDowell County Clerk's office supply Bailey with the requested documents. (*Id.*).

In July 2018, Bailey filed a Motion for Status Hearing. (ECF No. 10-4 at 20). Bailey asserted that he had never been informed his appeal was denied and that he first learned the WVSC had denied his appeal from reading Mr. Wright's response. (*Id.* at 21). Bailey alleged that his attorneys' failure to communicate had caused him to lose seven months out of the one-year deadline he had to file a federal habeas petition. (*Id.* at 22). Bailey requested that a hearing be held regarding the "absolute breakdown" in communication with his attorneys, and an order be issued to restore the lost time against his federal habeas deadline. (*Id.* at 20).

On July 16, 2018, apparently misconstruing Bailey's various motions as an attempt to file a state habeas petition, the Trial Court sent a letter to Bailey informing him that if he wished to file a state habeas petition, he must do so using the forms provided by the prison. (*Id.* at 25). On July 25, 2018, Bailey submitted a petition invoking the WVSC's original jurisdiction and seeking a writ of mandamus to compel the Trial Court to rule on his pending motions. (ECF No. 10-4 at 6, 13). On August 1, 2018, the Trial Court entered an Order setting an August 20, 2018 hearing on Bailey's various motions. (*Id.* at 27).

On August 20, 2018, the Trial Court proceeded with the hearing, which was attended by Bailey, Mr. Wright, and counsel for the State of West Virginia. (*Id.* at 28). Following the hearing, the Trial Court issued an Order, directing Mr. Wright to provide Bailey with all relevant legal documents within 45 days of the hearing. (*Id.*). On September 14, 2018, the Order was amended to correct an error in the original. (*Id.* at 30). On October 3, 2018, the WVSC entered an Order dismissing Bailey's petition for a writ of mandamus as moot. (*Id.* at 32).

On November 2, 2018, Bailey submitted the instant Motion for Stay and

4

Abeyance and Relief for [sic] Prejudicial Tollings. (ECF No. 2). In the motion, Bailey states that at the hearing held on August 20, 2018, he explained to the Trial Court that he had been unfairly prejudiced by his attorneys' failure to inform him that his conviction had become final, as nearly seven months of the one-year period of limitations within which state prisoners may file a federal habeas petition had expired before he learned of the dismissal of his appeal. (*Id.* at 4-5). Bailey asserts that the Trial Court told him that the running of the statute of limitations was "not a problem in the McDowell County Circuit Court's eyes since the tolling is at the federal level," and "refused to correct such tolling and advised [Bailey] to seek reliefs [sic] in federal court." (*Id.* at 5).

Bailey complains that "if not all, then certainly nearly all" of his one-year statute of limitations has expired due to "abandonment" by his court-appointed attorneys. (*Id.* at 6). Bailey faults the Trial Court for failing to correct this unjust result. (*Id.*). For relief, Bailey asks that this Court enter an order "correcting the prejudicial time which has tolled against" the one-year deadline for filing a federal habeas petition. (*Id.*). Bailey also requests that this Court enter an order of stay and abeyance, staying the running of his one-year period of limitations until the conclusion of Bailey's state habeas proceedings. (*Id.*). While Bailey's motion was categorized by the Clerk of Court as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Bailey filed only the request for a stay and abeyance, and did not include any underlying § 2254 petition, or provide any federal claims for relief. On November 27, 2018, the undersigned issued an Order, directing the Respondent to respond to Bailey's motion for a stay and abeyance within seventy-five days and giving Bailey time to file a reply memorandum. (ECF No. 8).

On January 11, 2019, Bailey submitted a Motion for Status of Matters, inquiring as to whether the federal government shutdown had affected the status of his pending motion. (ECF No. 9 at 2). On February 11, 2019, Respondents issued a Response in Opposition to Bailey's motion for a stay and abeyance in which they request that the Court dismiss Bailey's motion. (ECF No. 10). Respondents argue that Bailey's request should be denied for several reasons. First, Respondents assert that a stay is not necessary, because the time period in which Bailey could file a petition for federal habeas relief has not expired. (*Id.* at 4). Respondents also contend that it is inappropriate for Bailey to request a stay and abeyance without having filed a petition under § 2254. (*Id.* at 5). Respondents assert that with nothing to rule on but a "Schrodinger's petition," this Court is unable to effectively weigh the necessity of a stay, as any such stay would be "entirely based upon speculation that such a petition would be filed." (*Id.*). In a final and related argument, Respondents note that Bailey's failure to file either a state or federal habeas petition before seeking the requested relief leaves the Court with an insufficient factual basis to determine whether a stay is warranted. (*Id.* at 5-6). Respondents accordingly ask this Court to deny Bailey's request and delay ruling on a potential stay and abeyance order until Bailey accompanies it with a § 2254 petition. (*Id.* at 6).

On April 18, 2019, the undersigned issued an Order responding to Bailey's Motion for Status of Matters. (ECF No. 11). The undersigned informed Bailey that the federal government shutdown, which began on December 22, 2018 and ended on January 25, 2019, had no effect on his habeas proceedings. (*Id.* at 1). The undersigned further informed Bailey that Respondents had issued a response to his filings and that he had until April 30, 2019 to submit a reply. (*Id.*). As of the date of this filing, Bailey

6

has not provided any reply.

On August 5, 2019, the undersigned's office contacted the McDowell County Circuit Clerk's Office and learned that Bailey has yet to file a state habeas action. The undersigned also received a copy of the docket sheet for the underlying criminal case which reflects that there has been no state habeas filing as of that date.

## II.　**Standard of Review**

Here, Respondents filed a Response which contains a request for dismissal. (ECF No. 10 at 1-2). Respondents do not specify under what rule they bring the request for dismissal; however, given the stage of the proceedings at which it is made, it is presumably under Federal Rule of Civil Procedure 12(b)(6). When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, when resolving the motion, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

**III.   Discussion**

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains two statutory barriers that are relevant in this case. First, the AEDPA imposes a one-year statute of limitations beyond which a state prisoner may not bring federal habeas claims. Second, the AEDPA requires that federal claims be raised and litigated in state court prior to being brought in federal court via a § 2254 petition. These requirements and their effect on Petitioner's motion for stay and abeyance are discussed below.

**1. Statute of limitations**

As stated, the AEDPA contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to

include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Here, Bailey's direct appeal was denied by the WVSC on January 5, 2018. He then had ninety days in which to seek a writ of certiorari from the Supreme Court of the United States ("Supreme Court"). Sup. Ct. R. 13(1). Bailey did not seek such a writ, and thus, one day after the ninety days had passed,[2] on April 9, 2018, Bailey's judgment became final, and the AEDPA's one-year statute of limitations began to run. Bailey filed several motions in state court, as well as the instant request for a stay and abeyance in this Court, while his statutory deadline was running. However, neither action tolled the statutory period of limitations.

The AEDPA provides that a properly filed application for state post-conviction or other collateral relief will toll the limitation period. *See* 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in AEDPA's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." *Duncan v. Walker*, 533 U.S. 167, 177 (2001). While properly filed state collateral review petitions

---

[2] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

9

stop the running of the federal habeas deadline, "the statute of limitations is not tolled merely because the petitioner continues to file motions [in state court] after the end of the direct review." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). In order to constitute a properly filed application for post-conviction review such that the statute of limitations is tolled, a filing must call for a decision or adjudication on the merits of a petitioner's post-conviction claims for relief. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Motions filed in state court that do not "contain any claims for federal habeas relief, … [or] … seek relief on the merits of those claims," do not toll the federal statute of limitations. *Hardy v. Jones*, No. CIV.A. 3:08CV843, 2010 WL 883749, at *3 (E.D. Va. Mar. 8, 2010). Bailey filed several motions in state courts seeking to gain access to documents from his criminal case in order to prepare a habeas petition. (ECF No. 10-4 at 2, 15, 20). However, none of these various motions is properly considered as an application for post-conviction review as none raise any federal or state claims for relief, or seek adjudication on the merits of those claims. Consequently, the state court motions did not toll the statute of limitations. Bailey's instant action, filed in this Court in November 2018, also did not stop the running of the statutory period of limitations, both because it did not contain any claims for relief and thus is not fairly categorized as a habeas petition, and because, in any event, the filing of a habeas petition in federal court does not toll the AEDPA's statute of limitations. *See Duncan*, 533 U.S. at 172.

Accordingly, the one-year period within which Bailey had to file a federal habeas petition continued to run while this matter was pending and expired on April 9, 2019. As Bailey's time for filing a federal habeas petition is expired, if his request for a stay and abeyance is denied, he will face a significant barrier to having his claims heard in

10

federal habeas review at a later date.

### 2. Exhaustion

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Thus, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted).

Here, Bailey does not argue that he has exhausted his claims in state court. In fact, he does not identify any federal claims he wishes to raise at all, and instead, merely seeks to have the running of his federal statutory period of limitations stayed while he pursues his state remedies, as well as asking that he be credited time he believes was unfairly lost. (ECF No. 2 at 6). However, Bailey has apparently, and inexplicably, failed to file a state habeas proceeding. Moreover, Bailey does not include a § 2254 petition with his request for a stay and does not provide any indication as to what claims he may raise assuming he does in the future bring a § 2254 petition in federal court. Given that exhaustion of state remedies is a prerequisite to the filing of a federal habeas

11

petition, the institution of a § 2254 action in this Court is premature.

### 3. Stay and Abeyance

Recognizing that the dual requirements of state exhaustion and statutory deadlines may in some cases foreclose state prisoners from seeking federal habeas relief entirely, the Supreme Court has recognized several "limited circumstances" where it may be appropriate for a federal court to grant a stay and hold a § 2254 petition in abeyance until a state prisoner has had the opportunity to exhaust the unexhausted claims presented in the petition. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). The *Rhines* Court recognized one such exception when a state prisoner has filed a § 2254 petition containing both exhausted and unexhausted claims, a so-called "mixed petition." *Id.* at 271, 277. In that case, the Supreme Court determined that if the petitioner demonstrates (1) good cause for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious; and (3) that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics, it would be appropriate to grant a stay and allow the petitioner to return to state court and exhaust his unexhausted claims without running the risk of losing the ability to receive federal habeas review due to the one-year period of limitations contained in the AEDPA. *Id.* at 278.

The Supreme Court has also suggested that a petitioner is entitled to file a "protective" petition in federal court and request a stay and abeyance despite his failure to fully exhaust state remedies where there is "reasonable confusion about whether a state filing would be [considered] timely" so as to toll the limitations period of the AEDPA. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). While not explicitly stated by the *Pace* Court, courts in this circuit have concluded that the "protective"

petition exception applies equally to mixed and "unmixed" petitions, that is petitions which contain entirely unexhausted claims. *See Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10 (4th Cir. Aug. 10, 2011) ("The [Supreme] Court has subsequently extended the *Rhines* rationale beyond mixed § 2254 petitions.") (citing *Pace,* 544 U.S. at 416) (unpublished); *see also Dreyfuse v. Pszczokowski*, No. CV 3:16-06717, 2017 WL 478564, at *12 (S.D.W. Va. Jan. 6, 2017), *report and recommendation adopted*, No. CV 3:16-06717, 2017 WL 758950 (S.D.W. Va. Feb. 27, 2017) ("[The undersigned finds that the *Rhines* standard applies to unmixed petitions.").

While *Rhines* and *Pace* make clear that a court may grant a stay and abeyance for a § 2254 petition in certain limited circumstances, both cases involved a request for a stay tied to an actual § 2254 petition. Here, Bailey filed only a request for a stay, unaccompanied by a § 2254 petition or any indication as to what claims would be raised in such a petition if the requested stay were granted. This Court has previously considered a similar case, where a petitioner requested that the Court "hold his Rights, under [28 U.S.C. §] 2254 … in abeyance" until he was able to exhaust his state remedies, but neglected to file an actual § 2254 petition in accompaniment with his request. *See Justis v. Pszczolkowski*, No. 2:15-CV-06420, 2015 WL 5785565, at *2 (S.D.W. Va. Sept. 11, 2015), *report and recommendation adopted*, No. 2:15-CV-06420, 2015 WL 5836988 (S.D.W. Va. Oct. 2, 2015). In that case, this Court concluded that as "there [was] no proceeding to stay in this court and no federal habeas petition to hold in abeyance," the petitioner's request for a stay could not be granted. *Id*. at *2-3.

This approach is consistent with that taken by other courts that have considered similar requests. *See DeLeon v. Campbell*, No. 2:18-CV-10684, 2018 WL 1719709, at *1 (E.D. Mich. Apr. 9, 2018) ("[The petitioner] has not filed a petition for the writ of

13

habeas corpus in this Court, and because the Court has no jurisdiction to decide a motion for a stay in the absence of a properly filed petition, the Court will deny [the petitioner's] motion and dismiss this action."); *see also Myers v. Hodges*, No. 3:17CV13/RV/CJK, 2017 WL 976631, at \*1 (N.D. Fla. Feb. 9, 2017), *report and recommendation adopted*, No. 3:17CV13/RV/CJK, 2017 WL 970274 (N.D. Fla. Mar. 13, 2017) ("[B]ecause no federal habeas petition has been filed, this court is without jurisdiction to consider a motion for extension of time to file a § 2254 petition, or a motion to stay."); *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) ("[N]o case or controversy generally exists before an actual § 2254 petition is filed."); *Blain v. Hartley*, No. SACV 08–1375–RGK, 2009 WL 86662, at \*1 n.2 (C.D.Cal. Jan. 12, 2009) ("Without a cognizable petition, however, there is no proceeding to stay…"); *De Bauche v. Grams*, No. 10-MC-14, 2010 WL 903268, at \*1 (E.D. Wis. Mar. 10, 2010) ("[The petitioner] has not yet filed a federal habeas petition. Therefore, there are no federal proceedings for the court to hold in abeyance."). Several circuit courts have considered analogous situations, whereby federal prisoners seek an extension of time to file a petition under 28 U.S.C. § 2255 without filing an actual § 2255 petition alongside the request, and reached the same conclusion. *See United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (request for extension of time to file § 2255 petition, unaccompanied by actual § 2255 petition was not cognizable as granting such a request would effectively be an impermissible advisory opinion); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a motion pursuant to § 2255 only if the moving party requests the extension "upon or after filing an actual section 2255 motion"); *Swichkow v. United States*, 565 Fed.Appx. 840, 844 (11th Cir. 2014) ("Here, because [the petitioner]

14

had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.").

Another reason counseling against granting a stay in cases such as this where there is no underlying § 2254 petition to review, is that the Supreme Court has warned it would be an "abuse of discretion" for a district court to grant a stay, even where good cause exists, if the unexhausted claims at issue are "plainly meritless." *Rhines*, 544 U.S. at 277; *see also Massey v. Young*, 2012 WL 1926030 at * 1 (W.D.N.C. May 25, 2012) ("Even where good cause exists, the Court must conduct an initial review of the merits of the petition because the Court cannot grant a stay when the unexhausted claims are plainly meritless."). A request for a stay that is not accompanied by an actual § 2254 petition makes it impossible to determine if the potential claims are "plainly meritless" as such a determination would be entirely speculative absent any indication of what claims will be raised in a hypothetical future § 2254 petition.

Recognizing that *pro se* litigants are generally entitled to a "liberal construction of their pleadings," federal courts have been willing, in analogous cases, to convert motions requesting a stay or an extension of time to a substantive motion for relief if allegations sufficient to support such a claim can be discerned from the pleadings. *See Green*, 260 F.3d at 83 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Stewart v. United States*, 646 F.3d 856, 857 (11th Cir. 2011) (noting that the district court could have construed a motion for equitable tolling as a substantive § 2255 motion where claims were clearly articulated.). However, in this case, even under the liberal pleading standards afforded to *pro se* litigants, it is not possible to construe the motion as a substantive § 2254 petition, because Bailey provides no indication of the claims he intends to assert. *See Challender v. Jones*, No. 3:16CV95/LC/CJK, 2016 WL

1426453, at *1 n.1 (N.D. Fla. Mar. 8, 2016), *report and recommendation adopted*, No. 3:16CV95/LC/CJK, 2016 WL 1436650 (N.D. Fla. Apr. 11, 2016) (motion requesting extension of AEDPA deadline but articulating no substantive federal claims could not be construed as a motion under § 2254).

Bailey filed this action requesting a stay and the restoration of time toward his one-year deadline to file for federal habeas relief because he believes his preparation for filing was unfairly delayed by the actions of state courts and court-appointed attorneys. (ECF No. 2 at 3-5). When Bailey initiated action in state court, he was first informed he should file for state habeas relief and given instruction on how to do so. (ECF No. 10-4 at 25). On August 20, 2018, the Trial Court granted Bailey the relief he requested and ordered Bailey's attorney to provide Bailey with all documents related to Bailey's criminal case by October 15, 2018. (*Id*. at 28). Rather than proceeding with state post-conviction remedies and tolling the federal habeas deadline, however, Bailey instead filed the instant motion in federal court and declined to file any state habeas action. (ECF No. 2). At the time Bailey filed his request for a stay, he still had over five months remaining before the statute of limitations expired. Respondents filed a Response and request for dismissal in February 2019, pointing out both that Bailey's request for a stay unaccompanied by an actual § 2254 petition was fundamentally defective, and that Bailey still had ample time to file a state habeas petition and postpone the expiration of his federal habeas deadline. (ECF No. 10 at 4-5). Yet, Bailey has not filed a reply to Respondents' request for dismissal and has continued to forego pursuing his state post-conviction remedies.

It is regrettable that due to apparent confusion over how best to prevent his federal habeas filing deadline from expiring, Bailey pursued a fruitless motion in

16

federal court rather than simply proceeding with a state habeas petition as initially instructed, a decision that may result in his inability to later bring his claims in federal court at all. Nonetheless, absent any underlying § 2254 petition, or any articulation of potential claims provided in the motion, there is simply no basis for this Court to grant Bailey's request for a stay and abeyance. Accordingly, the undersigned **FINDS** that Bailey's motion requesting stay and abeyance should be denied.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondents' request for dismissal, (ECF No. 10), be **GRANTED,** that Bailey's "Motion for Stay of Abeyance and Relief for [sic] Prejudicial Tolling," (ECF No. 2), be **DENIED**, and that this action be **DISMISSED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 5, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge